IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUIS PISTOLIS,<br><br>   Plaintiff,<br><br>vs.<br><br>AMEREN,<br><br>   Defendant. | Case No. 3:19-CV-01185-MAB |
| LOUIS PISTOLIS,<br><br>   Plaintiff,<br><br>VS.<br><br>J.F. ELECTRIC<br><br>   Defendant. | Case No. 3:19-CV-01182-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

  Plaintiff Louis Pistolis filed two cases, one against Defendant Ameren and the other against Defendant J.F. Electric, on October 29, 2019, alleging he was discriminated and retaliated against due to a disability while employed by J.F. Electric on an Ameren job site (Docs. 2). On July 9, 2020, the Court consolidated the cases for discovery purposes (*See* Docs. 41 (19-cv-1182), 42 (19-cv-1185)¹). Currently before the Court are

---

¹ When necessary to cite to documents from the two separate cases in a single citation, the Court will cite to the document in 19-cv-1182 before 19-cv-1185 throughout this Order.

Plaintiff's motions to strike Defendants' affirmative defenses filed in both of Plaintiff's cases (Docs. 64, 54). For the reasons set forth below, the motions are DENIED.

<u>PLAINTIFF'S MOTIONS TO STRIKE</u>

Plaintiff filed motions to strike Defendants' affirmative defenses in both cases, arguing that the affirmative defenses lack the specificity required to put Plaintiff properly on notice. Additionally, Plaintiff seems to take issue with the factual assertions behind some of the affirmative defenses, responding to them and arguing that Defendants are asserting incorrect or untrue factual allegations. Plaintiff asserts specific arguments for each of the affirmative defenses, so the Court will first outline the affirmative defenses Plaintiff requests to be stricken before addressing the motions as a whole.

I. Pistolis v. Ameren (19-cv-01185-MAB)

Plaintiff filed his motion to strike on October 21, 2020 (Doc. 54) and requested the Court to strike six of Defendant Ameren's affirmative defenses, which read as follows:

> 3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to file his civil action within the applicable limitations period.
>
> 5. Plaintiff's claims are barred to the extent Plaintiff seeks to recover damages in excess of the amounts allowed by the law.
>
> 6. Plaintiff's claims may be barred, in whole or in part, pursuant to the after-acquired evidence defense.
>
> 10. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands, waiver, and/or the failure to proceed within applicable statutes of limitation.
>
> 13. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own conduct proximately caused his alleged injuries.

> 14. Plaintiff's claims are barred, in whole or in part, to the extent any of Plaintiff's damages were caused by the acts or omissions by others for whom Ameren is not liable

(Doc. 53, pp. 21-24).

Here, Plaintiff alleges the aforementioned affirmative defenses are insufficient by arguing with the merits of each of the asserted affirmative defenses. For example, Plaintiff asserts Defendant Ameren's fifth defense is not "a factual statement" before asking the Court to strike it (Doc. 54, p. 4). Similarly, for Defendant Ameren's third defense relating to the applicable statute of limitations, Plaintiff argues that everything was filed within the applicable limitations period, but concedes that the government shut down may have impacted the timeliness of his filings (*Id*). He then asserts that Defendants do not state sufficient facts to put Plaintiff on notice as to *how* he missed the deadline (*Id.*).

II.   Pistolis v. J.F. Electric (19-cv-1182-MAB)

As for Plaintiff's case against Defendant J.F. Electric (19-cv-01182-MAB), the procedural posture is a bit different, as Plaintiff filed his first motion to strike Defendant J.F. Electric's affirmative defenses on October 25, 2020 (Doc. 60). Soon after, on November 6, 2020, Defendant J.F. Electric filed an amended answer and a response to Plaintiff's motion to strike (Docs. 62, 63). On November 18, 2020, Plaintiff filed a second motion to strike Defendant J.F. Electric's affirmative defenses, with Defendant filing a response on November 18, 2020 (Docs. 64, 65). As an initial matter, Plaintiff's first motion to strike Defendant J.F. Electric's affirmative defenses will be denied as moot, as an amended answer and a second motion to strike relating to the amended answer were filed after (Doc. 60).

In Plaintiff's November 18, 2020 motion to strike, he requests the Court to strike all of Defendant J.F. Electric's eleven defenses, which read as follows:

1. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff's claims fail as a matter of law as Plaintiff did not suffer from an adverse employment action.

2. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to file his civil action within the applicable limitations period. To the extent Plaintiff sets forth any factual allegations or claims, such claims are time-barred if the occurred more than 300 days before the filing date of his complaint.

3. Plaintiff's claims are barred to the extent Plaintiff seeks to recover damages in excess of the amounts allowed by law.

4. Plaintiff's claims are barred to the extent Plaintiff failed to act reasonably and diligently to mitigate his claim damages, including by accepting work.

5. Any adverse actions taken by J.F. Electric with respect to Plaintiff were taken for legitimate, non-discriminatory, non-retaliatory reasons; mainly, Plaintiff's refusal of work opportunities leading to his layoff for lack of work.

6. At all times, J.F. Electric acted in accordance with and in good faith compliance with applicable law, as it maintained and complied with its policies prohibiting any form of discrimination.

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands, waiver, and/or the failure to proceed within applicable statutes of limitation.

8. J.F. Electric did not violate Plaintiff's rights in any manner or otherwise act maliciously or negligently with respect to Plaintiff and, accordingly, cannot be held liable for punitive damages.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own conduct proximately caused his alleged injuries.

10. Plaintiff's claims are barred to the extent they exceed the scope of Plaintiff's Charge of Discrimination with the EEOC or pre-date the applicable limitations period. If so, then Plaintiff must properly exhaust his administrative remedies prior to filing litigation.

11. Plaintiff's claims are t barred to the extent any of Plaintiff's damages were caused by the acts or omissions of others.

(Doc. 62, pp. 17-19).

Plaintiff takes issue with the merits of eight affirmative defenses (specifically, numbers 1, 2, 4, 5, 6, 8, 9, and 11) (Doc. 64). In these instances, Plaintiff advances factual contentions that he believes negates the affirmative defense and then argues that the affirmative defense should be stricken. (Doc. 64, p. 9). As for Defendant's affirmative defense three, Plaintiff claims this affirmative defense is vague because it does not list specific amounts of damages outlined in the statue (Doc. 64, p. 5). Plaintiff argues that Defendants affirmative defense seven and ten are insufficiently pled, as they simply state a legal theory without factual support (Doc. 64, pp. 8-9).

DISCUSSION

"[A]n affirmative defense is a defendant's assertion of facts and arguments that, *if true*, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (internal quotation marks and citation omitted). Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

Motions to strike are generally disfavored because they serve no other purpose than to delay the proceedings by generating an additional round of briefing that must be addressed by the Court. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th

Cir. 1989); *Ford v. Psychopathic Records, Inc.*, No. 12-CV-0603-MJR-DGW, 2013 WL 3353923, at *6 (S.D. Ill. July 3, 2013). For this reason, district courts in this Circuit do not generally grant a motion to strike unless the moving party demonstrates that it will be prejudiced by the inclusion of the defense. *E.g., Ford*, 2013 WL 3353923, at *6; *Nat'l Am. Ins. Co. v. ConAgra Foods, Inc.*, No. 12-CV-326-JPG-PMF, 2013 WL 427383, at *1 (S.D. Ill. Feb. 4, 2013); *Olayan v. Holder,* 833 F.Supp.2d 1052, 1058 (S.D. Ind. 2011); *McDowell v. Morgan Stanley & Co., Inc.*, 645 F.Supp.2d 690, 693 (N.D. Ill. 2009). *See also* 5C Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed.) ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.") "The prejudice requirement is satisfied if striking the matter would 'prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome.'" *Hurlburt v. Lohr Distrib. Co.*, No. 4:17 CV 2733 JMB, 2018 WL 3870109, at *3 (E.D. Mo. Aug. 15, 2018) (quoting *Cynergy Egronomics, Inc. v. Egronomic Partners, Inc.*, 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)). *Accord Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003).

Here, Plaintiff's main argument is that most of the affirmative defenses are insufficient under Rule 12(f) because Defendants have failed to allege correct facts to support the defenses (Docs. 64, 54). Additionally, Plaintiff's main issues in the two separate motions to strike seem to be that Defendants have failed to plead the affirmative defenses with enough specificity to put Plaintiff properly on notice of them. When

considering a motion to strike, the Court applies the same test used to weigh a Rule 12(b)(6) motion. That is, the non-moving party's well-pleaded facts are deemed admitted, all reasonable inferences are drawn in the pleader's favor, and all doubts are resolved in favor of denying the motion to strike. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009); s*ee also Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(noting that affirmative defenses must meet the pleading standards of the Federal Rules of Civil Procedure).[2]

Here, Defendants' allegations are appropriately detailed to put Plaintiff on notice of the affirmative defenses. Although some of Plaintiff's arguments regarding certain defenses may have merit (the Court has also noticed flaws[3]), Plaintiff has not shown that he has been or will be prejudiced if the defenses are not stricken from the answer. The parties can simply ignore, and most likely have ignored, the affirmative defenses that are obviously not viable as they progress through discovery. *See Cottle v. Falcon Holdings*

---

[2] The Seventh Circuit has not yet decided whether affirmative defenses must comport with the *Twombly* and *Iqbal* heightened pleading standards, which Plaintiff cites to in one of his motions to strike (*See* Doc. 64, p. 2). Among the district courts in this Circuit there is disagreement whether the heightened pleading standards applicable to plaintiffs under *Twombly* and *Iqbal* are also applicable to defendants attempting to plead affirmative defenses. *See Soos & Associates, Inc. v Five Guys Enterprises, LLC*, 425 F.Supp.3d. 1004 n.2 (N.D. Ill. 2019) (concluding that affirmative defense must contain "sufficient factual matter to be plausible on its face."); *Hill v. Lakin,* Case no. 19-cv-00405-JPG, 2019 WL 6327191, *1 (S.D.Ill. 2019) (holding that an affirmative defense must include a "short and plain statement that gives a plaintiff notice of the basis for the defense"). This Court believes the latter approach to be more consistent with the language of Federal Rule 8(c).

[3] For example, the defense of unclean hands or laches, which are listed as Defendants' affirmative defenses seven and ten, are equitable defenses "that must be pled with specific elements required to establish the defense." *Hill v. Lakin,* No. 19-cv-00405-JPG, 2019 WL 6327191, *1 (S.D.Ill. 2019). As currently pled, these are "bare bones conclusory statements" and "failing to plead anything more than the assertions of ... unclean hands ... constitutes ground for striking the [defense]." *Id.* (citing *Leonard v. Tr. Of Ind. Univ.,* No. 19-cv-00963, 2019 WL 3306181 at *3 (S.D. Ind. 2019)).

*Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) ("In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary.") (quoting *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1052 (D. Minn. 2010)).

Accordingly, the motions to strike (Docs. 64, 54) are **DENIED**. Plaintiff's first motion to strike in 19-cv-1182 is **DENIED as MOOT** (Doc. 60).

**IT IS SO ORDERED.**

**DATED: May 4, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
